# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-2718

_____

| | |
|---|---|
| Jay Anders, | * |
| | * |
| Appellant, | * |
| | * |
| Thomas A. Hinkle, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| William Janklow, Governor, State of | * |
| South Dakota, individually and in his | * Appeal from the United States |
| official capacity; Jeff Bloomberg, | * District Court for the |
| Secretary of Corrections, individually | * District of South Dakota. |
| and in his official capacity; Joe Class, | * |
| Warden, South Dakota State | * [UNPUBLISHED] |
| Penitentiary, individually and in his | * |
| official capacity; Doug Weber, | * |
| Associate Warden, South Dakota State | * |
| Penitentiary, individually and in his | * |
| official capacity; Steve Lee, Associate | * |
| Warden, South Dakota State | * |
| Penitentiary, individually and in his | * |
| official capacity; Ed Lightenberg, | * |
| Associate Warden, South Dakota State | * |
| Penitentiary, individually and in his | * |
| official capacity; Dennis Block, Unit | * |
| Manager for the Jameson Annex, | * |
| individually and in his official capacity; | * |
| Amy Berthelson, counselor at the | * |
| Jameson Annex, individually and in her | * |

official capacity; Gary Taylor,      *
individually and in his official capacity;    *
Dean Hinders, individually and in his    *
official capacity; Ben Dearduff,      *
individually and in his official capacity,    *
                                        *

         Appellees.          *

_____

Submitted: June 5, 1998
Filed: July 8, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Jay Anders, who is an inmate in administrative segregation at the South Dakota State Penitentiary's Jameson Annex, brought this civil rights action pro se and in forma pauperis against the South Dakota Governor and numerous prison officials, claiming violations of the First Amendment and the Religious Freedom Restoration Act (RFRA). The district court dismissed Anders's action as frivolous under 28 U.S.C. § 1915(d) (1994). Anders appeals from that decision, and we reverse in part and affirm in part.

The district court correctly dismissed Anders's RFRA claim, as RFRA has been declared unconstitutional. See City of Boerne v. Flores, 117 S. Ct. 2157, 2172 (1997). The district court also did not abuse its discretion in dismissing as frivolous Anders's claim that his free-exercise rights were restricted by a policy which prohibits fires in inmate cells, preventing him from burning religious materials (e.g., incense). See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (§ 1915(d) dismissals are reviewed for abuse of discretion). We believe the security interests supporting this policy are obvious.

-2-

We conclude, however, the district court abused its discretion by characterizing as frivolous Anders's claim that his free-exercise rights were violated when he was not allowed to have a Satanic bible. See Neitzke v. Williams, 490 U.S. 319, 327-29 (1989) (claim is frivolous if it "describ[es] fantastic or delusional scenarios," factual contentions are "clearly baseless," or there is no rational basis in law); see also O'Lone v. Shabazz, 482 U.S. 342, 348-53 (1987) (prisoners have free-exercise rights, but those rights can be restricted if restriction is rationally related to legitimate governmental interest). Without some evidence concerning the relationship between Anders's possession of a Satanic bible and the governmental interest underlying the prison's prohibition on such possession, there is no basis for concluding that the restriction was rationally related to a legitimate governmental interest. See Alston v. DeBruyn, 13 F.3d 1036, 1039-40 (7th Cir. 1994) (holding district court abused its discretion by dismissing free-exercise complaint as frivolous because court improperly assumed prison was justified in restricting plaintiff's freedom, and had no basis for concluding restrictions were reasonable).

Accordingly, we affirm the dismissal of Anders's RFRA claim and free-exercise claim regarding burning religious materials, but we remand Anders's free-exercise claim regarding the prohibition on possessing a Satanic bible.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-